**EXHIBIT A**

# FIXED/ADJUSTABLE RATE NOTE
(LIBOR Index - Rate Caps)

**THIS NOTE PROVIDES FOR A CHANGE IN MY FIXED RATE TO AN ADJUSTABLE INTEREST RATE. THIS NOTE LIMITS THE AMOUNT MY ADJUSTABLE RATE CAN CHANGE AT ANY ONE TIME AND THE MAXIMUM RATE I MUST PAY.**

OCTOBER 17, 2006          CLEARWATER          FLORIDA
[Date]                    [City]              [State]

1058 EAST 77TH STREET, CLEVELAND, OHIO 44103
[Property Address]

### 1. BORROWER'S PROMISE TO PAY
In return for a loan that I have received, I promise to pay U.S. $ 81,900.00 (this amount is called "principal"), plus interest, to the order of the Lender. The Lender is PREMIER MORTGAGE FUNDING, INC., A FLORIDA CORPORATION
I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

### 2. INTEREST
Interest will be charged on unpaid principal until the full amount of principal has been paid. I will pay interest at a yearly rate of 8.250 %. The interest rate I will pay may change in accordance with Section 4 of this Note.
The interest rate required by this Section 2 and Section 4 of this Note is the rate I will pay both before and after any default described in Section 7(B) of this Note.

### 3. PAYMENTS
**(A) Time and Place of Payments**
I will pay principal and interest by making payments every month.
I will make my monthly payments on the first day of each month beginning on DECEMBER 1, 2006.
I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. My monthly payments will be applied to interest before principal. If, on NOVEMBER 1, 2036, I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."
I will make my monthly payments at 3001 EXECUTIVE DRIVE, SUITE 330, CLEARWATER, FLORIDA 33762
or at a different place if required by the Note Holder.

**(B) Amount of My Initial Monthly Payments**
Each of my initial monthly payments will be in the amount of U.S. $ 615.29. This amount may change.

**(C) Monthly Payment Changes**
Changes in my monthly payment will reflect changes in the unpaid principal of my loan and in the interest rate that I must pay. The Note Holder will determine my new interest rate and the changed amount of my monthly payment in accordance with Section 4 of this Note.

### 4. ADJUSTABLE INTEREST RATE AND MONTHLY PAYMENT CHANGES
**(A) Change Dates**
The initial fixed interest rate I will pay will change to an adjustable interest rate on the first day of NOVEMBER, 2008, and on that day every 6th month thereafter. Each date on which my interest rate could change is called a "Change Date."

**(B) The Index**
Beginning with the first Change Date, my interest rate will be based on an Index. The "Index" is the average of the London interbank offered rates for six month dollar deposits in the London market based on quotations at five major banks ("LIBOR"), as set forth in the "Money Rates" section of *The Wall Street Journal*, or if the Money Rates section ceases to be published or becomes unavailable for any reason, then as set forth in a comparable publication selected by the Note Holder. The most recent Index figure available as of the date 45 days before each Change Date is called the "Current Index."
If the Index is no longer available, the Note Holder will choose a new index that is based upon comparable information. The Note Holder will give me notice of this choice.

**(C) Calculation of Changes**
Before each Change Date, the Note Holder will calculate my new interest rate by adding FOUR AND 990/1000 percentage point(s) ( 4.990 %) to the Current Index. The Note Holder will then round the result of this addition to the nearest one-eighth of one percentage point (0.125%). Subject to the limits stated in Section 4(D) below, this rounded amount will be my new interest rate until the next Change Date.

OHIO FIXED/ADJUSTABLE RATE NOTE - LIBOR

CB

The Note Holder will then determine the amount of the monthly payment that would be sufficient to repay the unpaid principal that I am expected to owe at the Change Date in full on the Maturity Date at my new interest rate in substantially equal payments. The result of this calculation will be the new amount of my monthly payment.

### (D) Limits on Interest Rate Changes

The interest rate I am required to pay at the first Change Date will not be greater than 10.250 % or less than 8.250 %. Thereafter, my adjustable interest rate will never be increased or decreased on any single Change Date by more than ONE AND 000/1000 percentage points ( 1.000 %) from the rate of interest I have been paying for the preceding 6 months. My interest rate will never be greater than 14.250 %, which is called the "Maximum Rate" or less than 8.250 % which is called the "Minimum Rate".

### (E) Effective Date of Changes

My new interest rate will become effective on each Change Date. I will pay the amount of my new monthly payment beginning on the first monthly payment date after the Change Date until the amount of my monthly payment changes again.

### (F) Notice of Changes

The Note Holder will deliver or mail to me a notice of any changes in my adjustable interest rate and the amount of my monthly payment before the effective date of any change. The notice will include information required by law to be given me and also the title and telephone number of a person who will answer any question I may have regarding the notice.

### 5. BORROWER'S RIGHT TO PREPAY

I have the right to make payments of principal at any time before they are due. A payment of principal only is known as a "prepayment." When I make a prepayment, I will tell the Note Holder in writing that I am doing so.

If I make a partial prepayment, whether voluntarily or involuntarily, there will be no changes in the due dates of my monthly payments unless the Note Holder agrees in writing to those changes. My partial prepayment may reduce the amount of my monthly payments after the first Change Date following my partial prepayment.

If within 2 years from the date of execution of the Security Instrument, I make a full prepayment or, in certain cases a partial prepayment, whether voluntarily or involuntarily, I will at the same time pay to the Note Holder a prepayment charge. If the total of such prepayments in any twelve (12) month period exceeds twenty percent (20%) of the original principal amount of this loan, I will pay a prepayment charge in an amount equal to one percent (1%) of the original amount of the mortgage.

### 6. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (i) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (ii) any sums already collected from me that exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the principal I owe under this Note or by making a direct payment to me. If a refund reduces principal, the reduction will be treated as a partial prepayment.

### 7. BORROWER'S FAILURE TO PAY AS REQUIRED

#### (A) Late Charges for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of 15 calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be 5.000 % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

#### (B) Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

#### (C) Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of principal that has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is delivered or mailed to me.

#### (D) No Waiver by Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

#### (E) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

### 8. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

**OHIO FIXED/ADJUSTABLE RATE NOTE - LIBOR**


-4140308 (9902)

C D

Unless the Note Holder requires a different method, any notice that must be given to the Note Holder under this Note will be given by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

### 9. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

### 10. WAIVERS

I and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

### 11. UNIFORM SECURED NOTE

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses that might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

(A) Until my initial fixed rate changes to an adjustable interest rate under the terms stated in Section 4 above, Uniform Covenant 17 of the Security Instrument provides as follows:

**Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Security Instrument.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

(B) When my initial fixed interest rate changes to an adjustable interest rate under the terms stated in Section 4 above, Uniform Covenant 17 of the Security Instrument described in Section 11(A) above shall then cease to be in effect, and Uniform Covenant 17 of the Security Instrument shall instead provide as follows:

**Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Security Instrument. Lender also shall not exercise this option if: (a) Borrower causes to be submitted to Lender information required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee; and (b) Lender reasonably determines that Lender's security will not be impaired by the loan assumption and that the risk of a breach of any covenant or agreement in this Security Instrument is acceptable to Lender.

To the extent permitted by applicable law, Lender may charge a reasonable fee as a condition to Lender's consent to the loan assumption. Lender may also require the transferee to sign an assumption agreement that is acceptable to Lender and that obligates the transferee to keep all the promises and agreements made in the Note and in this Security Instrument. Borrower will continue to be obligated under the Note and Security Instrument unless Lender releases Borrower in writing.

If Lender exercises the option to require immediate payment in full, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

| _/s/ Carl Banks_____ (Seal) | _____ (Seal) |
|---|---|
| CARL BANKS                  -Borrower | -Borrower |
| _____ (Seal) | _____ (Seal) |
| -Borrower | -Borrower |

[Sign Original Only]

OHIO FIXED/ADJUSTABLE RATE NOTE - LIBOR

-4140308 (9902)                                       Page 3 of 3

## ALLONGE TO NOTE

Loan Number: █████████

Borrower(s) Name: CARL BANKS

Subject Property Address: 1058 EAST 77TH ST

CLEVELAND, OH 44103

Date of Note: October 17, 2006

Loan Amount: $81,900.00

Pay to the order of WASHINGTON MUTUAL BANK USA CORP, without recourse,

PREMIER MORTGAGE FUNDING, INC
Company Name

*Gerard H Nolan* [signature]
Authorized Signature

GERARD H NOLAN JR SENIOR VICE PRESIDENT MORTGAGE BANKING DIVISION

Typed Name and Title of Signer